(C. D. 1432)

THE DAVIS-BILT PRODUCTS CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 17, 1952)

*Tompkins & Tompkins (Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*Samuel D. Spector* and
*Arthur R. Martoccia,* special attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: Importations of torus tubes, so-called, in chief value of steel, were classified by the collector of customs as articles, not specially provided for, in chief value of metal, and duty was assessed thereon at the rate of 22½ per centum ad valorem pursuant to the provisions of paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, effective January 1, 1948.

It is claimed by plaintiff that said merchandise is properly dutiable at three-eighths of 1 cent per pound in accordance with the terms of paragraph 328 of said act, as modified, *supra,* which read:

Lap-welded, butt-welded, seamed, or jointed iron or steel tubes, pipes, flues, and stays, not thinner than sixty-five one-thousandths of one inch:
    If not less than three-eighths of one inch in diameter_____⅜¢ per lb.

Alternative claims are made for classification as parts of trucks or automobiles which are subject to duty at the rate of 12½ per centum ad valorem, as provided in paragraph 369 (c) of said act, or as parts of machines and subject to duty at the rate of 15 per centum ad valorem in accordance with paragraph 372 of said act, both paragraphs as modified by said trade agreement.

The merchandise is represented by exhibits 1 and 2 and since it appears from a report of the United States Customs Laboratory that exhibit 2 measures in thickness 0.0636 inch, it is conceded by plaintiff in its supplemental brief that its claim for classification of the merchandise covered by entry 383, accompanying the protest and represented by exhibit 2, pursuant to paragraph 328, is untenable, since to come within that paragraph an article must be not thinner than sixty-five one-thousandths of 1 inch. Said laboratory report discloses that exhibit 1 measures 0.0665 inch in thickness.

Exhibit 1, representative of the merchandise covered by entry 502, is a tubular structure having an inside diameter of approximately 3½ inches and is circular in form. While the article is referred to in the record as being a complete circle, it cannot be so accurately described for the reason that it has a cross section opening approximately 1 inch wide on the inside of the circle and 1½ inches on the outside.

The only witness called in this case was Joseph S. Keller, purchasing agent for the plaintiff company since 1921. The substance of his testimony was as follows: That "A Torus tube is a tube formed into a complete torus" (doubtless deriving its name from its circular form) used in the piping of truck and trailer gasoline and other fluid carriers. To quote the witness—"We use them in welding to the straight lengths of tube. In other words, we weld sections of this Torus to the straight lengths of tube in order to obtain our different bends, either 45 or 90 degree or whatever degree of bend is required in the piping."

The witness produced a diagram which was received in evidence as illustrative exhibit A showing in graphic form how a torus tube would be cut into different degrees of angle required, such as 22½, 45, 90, or 180°. When cut, the pieces are welded to the straight lengths of tubing by either electric or acetylene welding processes. After being so treated, the completed article would be "the piping or tubing of the tank" for use on a truck or trailer gasoline or other petroleum product carrier or tank; that while straight lengths of tubing used in the Davis-Bilt Products Co. are purchased in foot lengths, the so-called torus tubes or bends are purchased as units, but whether the merchandise be in straight lengths or in the form of torus bends, it must be cut to the proper length or in the appropriate degree of bend before welding the various parts together for their ultimate use.

It is not disputed that the torus tubes or bends represented by exhibit 1 are butt-welded, and since it is not contended that the

term "tube" has a commercial different from its common meaning, it must be presumed that the common and commercial meanings are the same.

As an aid to the common meaning of the term "tube," plaintiff invites our attention to the decision of our appellate court in *Ball et al.* v. *United States*, 8 Ct. Cust. Appls. 143, T. D. 37271. The articles in that case were described by the court as seamless tubes or pipes from about 5 to 10 feet long with inside diameters varying according to the lengths from about an inch to 3 or 4 inches which were designed for use as material in the manufacture of something else, such as inside and outside rings of ball bearings, called "ball races."

In the course of its opinion, the appellate court observed:

> The importers' counsel urges that they are not tubes because they are not *used* for the purposes in which tubes are usually employed. He points to the fact that as defined by the lexicographers, one meaning of the word "tube" is a "hollow cylinder of any material to convey liquids or gases," and says that the use to which these articles are applied is so far foreign thereto that they are not tubes in the common acceptation of the term. [Italics quoted.]

> Webster defines a tube as follows:

>> *Tube.*—1. A hollow cylinder, of any material, to convey liquids or gases or for some other purpose; a pipe; as, a fire *tube*; a water *tube*; a condenser *tube* (see Condenser, 2e); the *tubes* of a tubular bridge; a friction *tube*; the *tube* of a musical instrument; bronchial *tube*; a priming *tube*, etc.

>> The word "tube" is arbitrarily associated with certain articles or devices not customarily called *pipes*, and vice versa, although *tube* and *pipe* are practically synonymous mechanically; as, iron *pipe*; glass or rubber *tube*; gas *pipe*; boiler *tube*.

> In Knight's Mechanical Dictionary, when referring to it as made of metal, it is said that a tube is a "metallic pipe of many kinds and uses."

Further the court said: "We think it can not be said that whether or not an article is a tube depends upon the use to which it is applied. Webster's definition, which is fairly typical, recognizes 'some other purpose' than as a conduit. The uses of steel tubes as material are so common and well known that in the absence of commercial designation we can not say the articles here are not steel tubes within the common understanding of that term. To formulate a definition of 'tube' that would exclude them in this case would be to invite trouble in another. Their form clearly answers the call of the definition, and that is sufficient."

We perceive no sound reason for excluding from the classification of tubes, articles such as exhibit 1, because they are circular rather than straight. It is a common experience to observe tubes or tubing of metal, glass, rubber, or other material which are curved or bent to meet mechanical or architectural requirements. In a great deal of structural work it would be impossible to equip buildings or other structures with tubing or piping without the use of curved parts.

As indicative of the broad meaning given to the term "tubes" by the courts, plaintiff has cited the following cases:

*In re Parkhurst & Wilkinson*, Vol. 2, Synopsis of Decisions (1891) 1382, T. D. 11995, curved steel tubes, 18 inches long with flat ends for use on bicycles, held to be tubes.

*In re White & Middleton Gas Engine Company*, Synopsis of Decisions (1894) 505, T. D. 15136, so-called ignition tubes, about 8 inches long, ¾ inch in diameter, about ⅛ inch thick, and closed at one end, held to be tubes.

*In re Switzer & Schussel*, 4 Treas. Dec. 805, T. D. 23302, hollow metal rods having springs and catches inserted therein, designed for use in umbrellas, held to be tubes.

In *Downing v. United States*, 99 F. 423 (affirmed in 105 F. 1005), cylinders of wrought steel for holding gas under pressure, held to be tubes.

*United States v. Liquid Carbonic Co.*, 160 F. 455, bottle-shaped steel vessels, held to be tubes.

See also *Page v. United States*, 113 F. 1006.

Since the alternative claims of plaintiff for classification as parts of trucks or automobiles or as parts of machines are not pressed, and as no argument is advanced in plaintiff's brief in support of those contentions, we assume that those claims are abandoned. In no event, however, could we find that the articles in controversy have been so far advanced in manufacture as to be considered parts of trucks, automobiles, or machines, in their condition as imported. Those claims are therefore without substance.

Upon the record before us, we are of the opinion that the merchandise covered by entry 502, represented by exhibit 1, consists of steel tubes, butt-welded, within the meaning of the statute, and that they are, therefore, subject to duty at three-eighths of 1 cent per pound pursuant to the provisions of said paragraph 328, as modified, *supra*. That claim in the protest is sustained. The like claim as to the merchandise covered by entry 383, having been abandoned, is dismissed.

Judgment will be entered accordingly.