(C. D. 1666)

JOHN V. CARR & SON, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 22, 1954)

Barnes, Richardson & Colburn (Eugene F. Blauvelt of counsel) for the plaintiff. Warren E. Burger, Assistant Attorney General (Arthur R. Martoccia and Richard M. Kozinn, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The question presented for our consideration here is whether certain imported articles of brass in lengths of 7 feet and 12 feet, identified on the invoices accompanying the entries by die Nos. 2159, 2160, 2161, 2164, and 2789, should be classified as brass rods in paragraph 381 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 381), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), and subjected to duty at the rate of 2 cents per pound, as claimed by plaintiff, or were properly classified by the collector of customs as articles or wares not specially provided for, if composed wholly or in chief value of brass, as provided in paragraph 397 of said act (19 U. S. C. § 1001, par. 397), as modified by said General Agreement on Tariffs and Trade, and dutiable at 22½ per centum ad valorem.

The pertinent text of the competing statutory provisions is here set forth—

Paragraph 381 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, supra:

Brass rods, sheet brass, brass plates, bars, and strips, Muntz or yellow metal sheets, sheathing, bolts, piston rods, and shafting_    2¢ per lb.

Paragraph 397 of said act, as modified, supra:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*     \*     \*     \*     \*     \*     \*

    Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold,. or silver, or colored with gold lacquer:

\*     \*     \*     \*     \*     \*     \*

    Other (except slide fasteners and parts thereof)_ _ _ _    22½% ad val.

At the trial, five protests, which are enumerated in the schedule attached to and made part of this decision, were consolidated for the purposes of this case. Six witnesses were called on behalf of plaintiff; none was called by the Government. Thirty-seven exhibits were

introduced by plaintiff and five by defendant, and will be referred to *infra*, wherever necessary.

It appears from the record that exhibits 1 through 5 are representative of the imported merchandise, except as to length, and were produced by processes of extrusion and drawing. Exhibit 1 was imported in lengths of 7 feet, while exhibits 2, 3, 4, and 5 were in lengths of 12 feet.

A physical examination of the exhibits discloses that they are slender, straight, and solid pieces of brass in a variety of shapes in cross-section, the largest dimensions of said cross-sections being as follows—

Exhibit 1—decagonal, 1¼ in. by 1¼ in.
Exhibit 2—half-oval, ½ in. by ⁹⁄₁₆ in.
Exhibit 3—half-oval, ⅝ in. by ⁹⁄₁₆ in.
Exhibit 4—similar to exhibits 2 and 3, ½ in. by ⁷⁄₁₆ in.
Exhibit 5—rectangular base, ⁹⁄₁₆ in. by 1⅛ in., with raised rectangular section, ⅜ in. by ⅜ in.

Plaintiff introduced illustrative exhibit 6 representing hexagonal brass rods, nine-sixteenths of 1 inch in greatest cross-section, which were included in the invoice covered by protest 200837–K and which were classified for duty as brass rods in paragraph 381 of the tariff act, as modified, *supra*. It is the contention of plaintiff that no distinction should be drawn for classification purposes between the hexagonal brass rods and those of irregular shape, such as exhibits 1 through 5, urging that they are all within the common meaning of the word "rod," as judicially defined by this court in *Mohawk Iron & Steel Co.* v. *United States*, 30 Cust. Ct. 274, C. D. 1533.

Plaintiff further contends that brass rods, such as or similar to exhibits 1 through 5, were being manufactured and sold in the United States prior to June 17, 1930, when the present tariff law was enacted, under the designation "rod," facts which must be considered in ascertaining the congressional intendment in providing for brass rods in paragraph 381, *supra*.

Illustrative exhibit 7, a sample of brass material in rectangular form, three-fourths of 1 inch by one-half inch in cross-section, was received in evidence and represents an article admittedly within the provision for brass bars in paragraph 381, as modified, *supra*.

A fair summary of the unrebutted testimony of plaintiff's six well-qualified witnesses, some of whom had experience dating back to 1915, establishes that the subject merchandise was produced by the extrusion of a relatively short and thick billet, 2 feet long, through a die which produced material 40 to 60 feet long. These lengths were then cut into pieces measuring 7 and 12 feet, portions of which are in evidence as exhibits 1 through 5. The record also discloses that hexagonal bars such as exhibit 6 and merchandise like exhibit 7 were produced by the same process as was the merchandise repre-

sented by exhibits 1 through 5. Furthermore, it is not disputed that the imported articles are used in the fabrication of automotive fittings of various shapes and sizes represented by exhibits 12 through 24.

There is also testimony which is unrefuted to the effect that merchandise represented by exhibits 1 through 7 was known and sold in the United States prior to and since 1930 as brass rods or brass bars.

In support of its contention that the merchandise here in controversy should be classified in paragraph 381, as modified, *supra,* plaintiff relies upon our decisions in *Mohawk Iron & Steel Co., supra,* and *The Davis-Bilt Products Co.* v. *United States,* 28 Cust. Ct. 332, C. D. 1432.

In the *Mohawk* case, *supra,* we held that certain round forms of an aluminum alloy, $\frac{7}{32}$ of an inch in diameter in straight lengths of 88½ and 98½ inches, were subject to classification as aluminum rods within the common meaning of that term and, hence, were not dutiable as wire.

The defendant has rightfully pointed out that the issue in that case is not the same as the one presented here. In the *Mohawk* case, as above indicated, the competition was between the words "rods" and "wire," while here, the competition is between the words "rods" or "bars" on the one hand and articles in chief value of brass on the other. However, what we said in the *Mohawk* case about the common meaning of the term "rod" would apply with equal force in the instant case. In the decision referred to, we quoted the following definitions of "rod":

Webster's New International Dictionary, 1930 edition—

rod, *n.* \* \* \* **1.** A straight and slender stick; \* \* \* hence, any slender bar, as of wood or metal. \* \* \*

\* . \* \* \* \* \* \*

Funk & Wagnalls New Standard Dictionary of the English Language, 1942 edition—

rod, *n.* **1.** A shoot or twig of any woody plant; a straight, slim piece of wood or other material; \* \* \*

To the foregoing, we add the following—

Knight's American Mechanical Dictionary (1876)—

**Rod.** A straight, slender piece of wood or metal, as the ramrod, wiping-rod, rifling-rod, used by gunsmiths and armories.

\* \* \* \* \* \* \*

A connecting piece, as that between the cross-head of an engine and a crank. A *connecting-rod.* And so on.

Audel's Mechanical Dictionary (1942)—

**Rod.**—1.   A wand, stick or long slender bar of any material, wood, iron, brass, steel, etc.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

We have examined the *Davis-Bilt* case cited by plaintiff but find nothing there which has special application to the case before us.

Based upon the testimonial record, and an examination of the exhibits, it is our considered opinion that the subject merchandise consists of rods or bars within the contemplation of paragraph 381, as modified, *supra*.   It seems to be agreed that the merchandise represented by exhibit 6 (hexagonal in shape) was properly classified for duty by the collector as a brass rod and that exhibit 7 (rectangular in shape) represents the merchandise which belongs in the class of brass bars.   We perceive no sound reason, based upon the record before us, why exhibits 1 through 5, which are made in the same manner from the same raw material as exhibits 6 and 7, should take any different classification.   In addition to their similarity of material and construction, they are all used for substantially the same general purposes.

Defendant insists that articles represented by exhibits 1 through 5 are extruded shapes and not merely rods or bars.   It is obvious from an examination of exhibits 6 and 7, as well as exhibits 1 through 5, that all of them are "shapes" in one form or another but that, in itself, is not sufficient to deprive them of classification as "rods" or "bars," terms which are used in the statute without words of qualification.

It is a well-known and long-established principle of statutory construction that "an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article." *Nootka Packing Co. et al. v. United States*, 22 C. C. P. A. (Customs) 464, 470, T. D. 47464.   The same doctrine was announced many years earlier in *Smillie & Co. v. United States*, 11 Ct. Cust. Appls. 199, T. D. 38966.

In view of the record and based upon the authorities cited, we find and hold that the items of merchandise, identified on the invoices accompanying the entries covered by the protests on the attached schedule by die Nos. 2159, 2160, 2161, 2164, and 2789, should be classified as rods or bars pursuant to the terms of paragraph 381, as modified, *supra,* and subjected to duty at the rate of 2 cents per pound.   The claim of plaintiff to that extent is sustained.

Judgment will issue accordingly.