Before the Second Division, May 10, 1956

**No. 59897.**—Keystone Brass & Rubber Co., Inc. *v.* United States, protest 236928–K (Philadelphia).

Lawrence, Judge:   The imported merchandise in controversy is described on the consular invoice accompanying entry 11310 as "Solid Drawn Seamless Brass Tubes" and on the consular invoice accompanying entry 12235 as "brass tubing."

The merchandise was classified by the collector of customs as articles wholly or in chief value of metal, and duty was imposed thereon at the rate of 22½ per centum ad valorem in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. §1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

The plaintiff claims that the commodity should be classified in paragraph 381 of said act (19 U. S. C. §1001, par. 381), as modified by said general agreement, as seamless brass tubes and tubing and dutiable at the rate of 2 cents per pound.

At the trial, plaintiff offered "the official Government sample as representing the merchandise in its condition as imported," which was received in evidence as exhibit 1, and it was agreed between counsel for the parties that the subject merchandise was not less than 1¾₆ inches and not more than 1⅝ inches in length and that it is composed of seamless brass.

The merchandise is cylindrical in form, having an inside diameter of approximately one-half of 1 inch and an outside diameter of approximately five-eighths of 1 inch.

Plaintiff also moved that the official entry papers on file with the court and which are contained in the protest jacket be received in evidence, which motion was granted over the objection of defendant.   At this point, plaintiff rested.

The defendant then called, as its only witness, Richard Guggenheim, vice president of one of the subsidiaries of the plaintiff company, employed in the capacity of research and development with Keystone Brass & Rubber Co., Inc., having been associated with that concern for 10 years.   He stated that exhibit 1 is pur-

chased as a tube—"as a brass tube"—and is used to convey water in its present size. However, it was not indicated in what manner the tube was put to its intended use.

It is the contention of plaintiff that the subject merchandise is within the common meaning of the words "seamless brass tubes and tubing," citing in support thereof the following lexicographical definitions:

*The Oxford Dictionary*

*Tube 1.* A hollow body, usually cylindrical, and long in proportion to its diameter, of wood, metal, glass, or other material, used to convey or contain a liquid, or fluid, or for other purposes;

*Knight's American Mechanical Dictionary*

*Tube 1.* A metallic pipe, of many kinds and uses.

*The Century Dictionary and Cyclopedia*

*Tube, N–1.* A pipe or hollow cylinder, especially when of small size and used as a conduit for liquids, or for containing liquids, as in some forms of scientific apparatus.

*Webster's New International Dictionary (1945)*

*Tube, N.* A hollow cylinder, of any material, to convey liquids or gasses or for some other purpose; as, a fire *tube*; a water *tube*; a condenser *tube* * * * the *tubes* of a tubular bridge; a friction *tube*; the *tube* of a musical instrument; bronchial *tube*; a priming *tube*, etc.

As stated by plaintiff in its brief, the above definition in Webster's New International Dictionary was quoted with approval by the Court of Customs and Patent Appeals in the case of *In re Taylor*, 39 C. C. P. A. (Patents) 786, 193 F. 2d 335.

Plaintiff also makes reference to the term "tubing," as defined in Webster's New International Dictionary, as "a length or piece of a tube."

Defendant contends that the merchandise represented by exhibit 1 does not meet the definitions of "tube" or "tubing," above quoted, on the ground that the article is not long in proportion to its diameter. In support of its contention, defendant cites the cases of *A. Lietz & Co.* v. *United States*, 51 Treas. Dec. 1064, Abstract 1881, relating to glass tubing, 26 inches in length and five thirty-seconds of 1 inch in diameter; and *Bank of California* v. *United States*, 68 Treas. Dec. 828, T. D. 48042, with reference to bronze tubes, 22 feet long and seven-eighths of 1 inch in diameter.

However, we have the unrefuted testimony of the sole witness, whose qualifications are not challenged, that the merchandise represented by exhibit 1 is purchased as a brass tube and that its eventual use is to convey water. Note *The Davis-Bilt Products Co.* v. *United States*, 28 Cust. Ct. 332, C. D. 1432, wherein so-called torus tubes were held to be steel tubes.

Upon this record, therefore, we find and hold that the importations in controversy are embraced within the common meaning of the term "tubes" or "tubing" and that they should be classified within the provision for "seamless brass tubes and tubing" in paragraph 381, as modified, *supra*, and dutiable at the rate of 2 cents per pound. That claim in the protest is sustained and judgment will be entered accordingly.