(C. D. 2033)

KEYSTONE SHOWER DOOR CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 21, 1958)

*Barnes, Richardson & Colburn* (*Edward N. Glad* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge:  Brass extrusions of slightly varying dimensions were classified by the collector of customs as articles or wares not specially provided for, whether partly or wholly manufactured, composed wholly or in chief value of brass, but not plated with platinum, gold, or silver, or colored with gold lacquer, in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, or as modified by the Sixth Protocol of Supplementary Concessions to said General Agreement, 91 Treas. Dec. 150, T. D. 54108, and subjected to duty at the rate of 22½ per centum or at 21 per centum ad valorem, respectively.

By its protests, plaintiff relies on the claim that said merchandise should properly have been classified as brass channels, in paragraph 381 of said act (19 U. S. C. § 1001, par. 381), as modified by the General Agreement on Tariffs and Trade, *supra*, for which duty at the rate of 6 cents per pound is provided.

Upon motion of plaintiff, without objection by the opposing party, the cases enumerated in schedule "A," attached to and made part of the decision herein, were consolidated for trial.

For ready reference to the provisions of the tariff act in issue, the pertinent text is here set forth:

Paragraph 397, as modified by the General Agreement on Tariffs and Trade, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Other \* \* \* _____ 22½% ad val.

Paragraph 397, as modified by the Sixth Protocol of Supplementary Concessions to said General Agreement, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Not wholly or in chief value of tin or tin plate:

\* \* \* \* \* \* \*

Other, composed wholly or in chief value of iron, steel, brass \* \* \*_____ 21% ad val.

Paragraph 381, as modified by the General Agreement on Tariffs and Trade, *supra*:

Brazed brass tubes, brass angles and channels_____ 6¢ per lb.

Five exhibits were introduced on behalf of plaintiff as representing the merchandise in controversy. It was agreed by counsel that said exhibits depict the following item numbers on the various invoices accompanying the entries covered by the involved protests except as to length and also that insofar as exhibit 1 is concerned the imported merchandise was not plated.

| Exhibits | Invoice items |
|---|---|
| No. 1 | 346/1, 3D/17331, 41013, S5611D, 22334 |
| No. 2 | 346/2, 4D/17243, 41014, S5663, 22087 |
| No. 3 | 3D/17432, 41015, S5665, S5665D, 28668 |
| No. 4 | 727, 41208 |
| No. 5 | S5664, S5664D, 41181, 28576, 32198 |

Plaintiff abandoned the protests as to any items on the various invoices which were assessed at 22½ or 21 per centum ad valorem by virtue of said paragraph 397, as modified, *supra*, which are not included in the invoice items enumerated above.

A photostatic copy of the frontispiece and pages 42 and 43 of a catalog, published in 1915 and issued by U. T. Hungerford Brass and Copper Co., were received in evidence as plaintiff's collective exhibit 6.

At the trial of these cases, the parties hereto entered into a stipulation of fact whereby it was agreed that exhibits 1 through 5 are made wholly of brass and were not plated in their imported condition. It was virtually conceded by the defendant that the classification of exhibits 1 through 4 was erroneous and that said articles would now be classified as brass channels as contended by plaintiff.

An examination of the exhibits representing the imported merchandise discloses many similarities, the variations which exist as to the thickness of the bases or the height of the upright sides being immaterial to the question here presented. The only real difference between exhibit 5 and exhibits 1 through 4 is the fact that the base, instead of being of the same thickness from one side to the other, has a variance in its outside thickness of about 22½ degrees from side to side. The inner cross-sectional view of exhibits 1 through 5 is the same insofar as it depicts a base with sides at right angles thereto.

Three witnesses were called to testify on behalf of the plaintiff. All were men of long experience in importing, pricing, promoting, or selling articles such as are represented by exhibits 1 through 5. Due to the consistency of their testimony, it will be adequate for our purposes to set forth here a summary of the pertinent evidence of record.

It has been shown that since 1926 articles such as exhibits 1 through 5 have been known in the trade as brass channels and that the term "brass channels" was uniform and general. A channel, in the experience of the witnesses, would be "a base material with two upright legs." The legs do not have to be of the same length, and there is no requirement as to uniformity of thickness of the base or the legs. Channels such as those represented by exhibits 1 through 5 are used to fit completely around shower doors or tub enclosures and for the framing of mirrors, glass, or plexi-glass. Differing from exhibits 1 through 4 which have a flat base, exhibit 5 has an angular base for use in cases where the wall or the top of a bathtub is uneven. Exhibit 5 would hold the glass in an upright position parallel to the wall and perpendicular to the floor as would be the case with the use of exhibits 1 through 4.

The position of defendant in this case is that inasmuch as the base of exhibit 5 is not of the same dimensions from one side of the base to the other, the items of merchandise represented by exhibit 5 are not channels. In support of its view, defendant relies on the definition

of the word "channel" in Webster's New International Dictionary, second edition, 1949, which reads as follows—

**channel** * * *, *n.* * * * **9.** A rolled metal bar of |_____| section;—short for: **channel bar, iron, rail, steel,** etc.

Stress is placed upon the fact that the diagram contained in the definition depicts a base which is uniform in thickness from one side to the other.

As an aid in the determination of this case, reference has been made by the court to other lexicographic authorities in an effort to determine the common meaning of the term "channel" which, from the testimony of plaintiff's witnesses, also appears to be its meaning in trade and commerce. We quote the following—

Audels Mechanical Dictionary for Technical Trades, Arts and Sciences, published by Theo Audel and Co., New York, New York, 1942:

**Channel.**—* * * 3. That through which anything passes; means of passing; conveying or transmitting. 4. In structural ironwork, an iron bar or beam having a section resembling a flat gutter or *channel.* [Italics quoted.]

Chambers's Technical Dictionary, edited by C. F. Tweney and L. E. C. Hughes, revised edition with supplement, 1943:

**channel** (*Eng.*). A standard form of rolled steel section, consisting of three sides at right-angles, in channel form. * * *

There is nothing contained in the foregoing authorities which would impel this court to a finding that a variation in thickness of the base of exhibit 5 would make said exhibit any less a channel than exhibits 1 through 4 in view of the fact that the inner cross-sectional shape consists, in each instance, of a base at right angles to the upright sides and all the exhibits resemble a flat gutter or channel. Moreover, it has been clearly shown by the unrebutted testimony of plaintiff's witnesses that the practical utility of exhibit 5 is identical with that of exhibits 1 through 4.

Plaintiff, in its brief, cites the case of *John V. Carr & Son, Inc.* v. *United States,* 33 Cust. Ct. 286, C. D. 1666, wherein certain brass rods or bars, which were classified as articles not specially provided for, composed in chief value of brass, in paragraph 397 of the Tariff Act of 1930, as modified, were held to be properly classifiable within the provision for brass rods or bars in paragraph 381 of said act, as modified. The merchandise there before the court consisted of extruded brass rods or bars, decagonal, half-oval, or of a rectangular base with raised rectangular section. In sustaining the claim of plaintiff in that case, the court said—

Based upon the testimonial record, and an examination of the exhibits, it is our considered opinion that the subject merchandise consists of rods or bars within the contemplation of paragraph 381, as modified, *supra.* It seems to be agreed that the merchandise represented by exhibit 6 (hexagonal in shape) was properly classified for duty by the collector as a brass rod and that exhibit 7 (rectangular in

shape) represents the merchandise which belongs in the class of brass bars. We perceive no sound reason, based upon the record before us, why exhibits 1 through 5, which are made in the same manner from the same raw material as exhibits 6 and 7, should take any different classification. In addition to their similarity of material and construction, they are all used for substantially the same general purposes.

In the instant case, we have the admission of defendant that brass channels similar to exhibits 1 through 4 would now be properly classifiable within the *eo nomine* provision therefor in paragraph 381 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*. We are of the opinion that in view of the identity of the inner cross-sectional construction of exhibit 5 with its three sides at right angles, together with the fact that its practical utility is identical with that of exhibits 1 through 4, the items of merchandise represented by exhibit 5 should also be classified as brass channels in said paragraph 381, as modified, *supra*. The claim of plaintiff to that extent is, therefore, sustained.

Judgment will issue accordingly.